# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

**TRAVIS CAMERO MOLDEN,**

    Petitioner,

v.                                                            Civil Action No. 3:15cv42
                                                           (Groh)

**WARDEN O'BRIEN, USP Hazelton,**

    Respondent.

## REPORT AND RECOMMENDATION

### I. Background

On April 10, 2015, the *pro se* petitioner, an inmate at USP Hazelton in Bruceton Mills, West Virginia, filed an Application for Habeas Corpus Pursuant to 28 U.S.C. §2241 seeking prior custody credit of nine months and two days on his instant federal sentence, for time spent in federal custody pursuant to a writ, prior to the imposition of his federal sentence.

Pursuant to a Notice of Deficient Pleading, petitioner paid the filing fee on April 23, 2015. On April 29, 2015, the undersigned made a preliminary review of the petition and determined that summary dismissal was not warranted. Accordingly, an Order to Show Cause was issued against the respondent. On June 8, 2015, the respondent filed a Motion to Dismiss or, in the Alternative, for Summary Judgment, along with a Motion to File Documents Under Seal, attaching a number of documents. By Order entered on June 9, 2015, the motion to seal was granted. That same day, a <u>Roseboro</u> Notice was issued, advising petitioner of his right to respond to the respondent's dispositive motion.

On July 20, 2015, petitioner filed a motion to appoint counsel and a motion for an extension of time. By separate Orders entered July 21, 2015, and sent to petitioner via certified mail, return receipt requested, petitioner's motion for appointed counsel was denied and he was

granted an extension of time to respond to the Roseboro Notice. However, despite being granted the extension, petitioner never filed a response. A review of the docket indicates that the certified mail return receipt proving delivery of the Order granting the extension reveals that the Order was accepted at USP Hazelton on July 27, 2015.[1]

Petitioner has exhausted all of his administrative remedies, and this case is now ripe for review.

## II. Facts[2]

On February 16, 2012, petitioner was arrested by Bexar County, Texas law enforcement for possession of a controlled substance.[3] At the time of that arrest, he was already on probation in the State of Texas for three prior offenses.[4] On February 17, 2012, a motion to revoke his probation was filed and pursuant to a warrant, he was arrested and held in custody on those prior charges, as well as the then-pending federal charges for the sentence he is now serving.[5] On April 4, 2012, the State of Texas sentenced Petitioner to a three year total term of imprisonment on the controlled substance charge in Bexar County Court Case No. 2012CR2771W,[6] and on the violation of his probation in Case Nos. 2009CR8472, Case No. 2009CR8471, and 2009CR8469.[7]

---

[1] Dkt.# 23.

[2] The information regarding petitioner's underlying criminal case can be found on PACER, at W.D. Tex. Case No. 5:12cr459-1.

[3] The controlled substance charge was Bexar County Case No. 2012CR2771W. Dkt.# 13-1 at 16.

[4] The three prior state court offenses were Case No. 2009CR8472, Theft of $1,500 - $20,000; Case No. 2009CR8471, Burglary of Habitation – Force; and Case No. 2009CR8469, Burglary of Habitation – Force. Dkt.# 13-1 at 13.

[5] Dkt. 12-1 at 3 and Dkt.# 13-1 at 13 – 14.

[6] Dkt.# 12-2 at 2.

[7] Dkt.# 12-2 at 10 – 14.

On May 9, 2012, the petitioner was named in a four-count indictment with a forfeiture provision, filed in the Western District of Texas. Counts One and Three charged him with receipt of a firearm while under a felony indictment, in violation of 18 US.C. §§922(n) and 924(a)(1)(D). Counts Two and Four charged him with selling a firearm to a convicted felon, in violation of 18 U.S.C. §§922(d) and 924(a)(2). All of the offenses were committed during the first week of February, 2012, prior to his arrest on the Bexar County controlled substance charge.[8] On May 22, 2012, petitioner was temporarily borrowed from the State of Texas pursuant to a writ of habeas corpus *ad prosequendum* for the federal proceedings.[9]

On November 26, 2012, in U.S. District Court for the Western District of Texas, pursuant to a plea agreement, Molden pled guilty to Counts Three and Four, receipt of a firearm while under felony indictment and selling a firearm to a convicted felon. In the plea agreement, the government agreed not to oppose petitioner's request that the sentence he received would run concurrent with his sentences in State cases No. 2009CR8469, 2009CR8471, 2009CR8472, and 2012CR2771W. On February 20, 2013 petitioner was sentenced to concurrent sentences of 60 months on each count. The Court specifically indicated that petitioner's sentence was to run concurrent with the sentences already imposed in his state cases.[10] Nonetheless, the Judgment and Commitment Order, when entered, did not reflect that directive. Petitioner did not file an appeal, nor did he ever file a motion to vacate pursuant to 28 U.S.C. §2255. After the federal proceedings were concluded in the Western District of Texas, on March 12, 2013, Petitioner was returned to the custody of the State of Texas.

---

[8] Dkt.# 13-1, ¶1 at 4.

[9] Dkt.# 12-3 at 3.

[10] Dkt.# 1-1 at 26.

At the time of his February 20, 2013 federal sentencing, Petitioner was in the primary custody of the State of Texas, serving the three year term of imprisonment on the four criminal convictions in Bexar County, Texas. On July 8, 2013, having completed his state sentences, the State of Texas released him to the custody of the Bureau of Prisons ("BOP") to begin serving his federal sentence. Because of the error in the Judgment and Commitment Order entered in the sentencing court, the BOP initially construed his federal sentence as running consecutive to the Texas state sentences. After petitioner filed his BP-10 administrative remedy contesting the issue, the BOP contacted the sentencing court about the plea agreement provision regarding concurrent sentences; verified that the sentencing court intended concurrent sentences; recomputed Petitioner's sentence;[11] and on December 9, 2014, requested that the State of Texas lodge a detainer with the local authorities for the duration of Petitioner's federal sentence.[12] Petitioner's BP-10 was granted and he received 48 days of prior custody credit on his federal sentence, for the time from February 16, 2012, the date he was arrested, until April 3, 2012, the day before his state sentence was imposed.[13]

The petitioner's projected release date is May 18, 2017, via good conduct time release. (Dkt.# 12-4 at 12).

### III. Contentions of the Parties

**A. The Petition**

Petitioner argues that the BOP failed to properly calculate his state jail time credit toward his federal sentence, arguing that the calculation of that time should have begun on May

---

[11] On December 4, 2014, the Western District of Texas entered an Amended Judgment, in conformance with petitioner's Plea Agreement, stating that his federal sentence would be concurrent with his State sentences in case numbers 09-CR-8469, 09-CR-8472, and 12-CR-277 1W. See Dkt.# 12-3 at 29.

[12] Dkt.# 12-4 at 10.

[13] Dkt.# 1-1 at 7 and 12-4 at 14.

22, 2012, "the moment he was placed into federal custody" and continued until February 20, 2013, the date his federal sentence was imposed, for a total of 9 months and two days, not the "miscalculated and erroneous" 48 days granted by the Acting Administrator on December 15, 2014, in response to his BP-10.

As relief, he requests that he be credited with 9 months and 2 days jail credit, and that his projected release date be corrected to May 18, 2016. (Dkt.# 1-1 at 3).

**B. The Respondent's Motion to Dismiss, or In the Alternative, for Summary Judgment**

The respondent contends that the petition should be dismissed or summary judgment granted in its favor, because petitioner has failed to state a claim upon which relief can be granted, arguing that

1) petitioner cannot receive credit against his federal sentence for time spent in Texas custody prior to the date his federal sentence was pronounced on February 20, 2013;

2) the time petitioner spent in federal custody borrowed on a writ of habeas corpus *ad prosequendum* did not transfer Petitioner's custody to the BOP; and

3) 18 U.S.C. §3585(b) precludes Petitioner from receiving credit again for the time he now seeks, from April 4, 2012 – February 19, 2013, because it has already been credited toward his state sentence.

### IV. Standard of Review

**A. Motion to Dismiss**

"A motion to dismiss under Rule 12(b)(6) tests the sufficiency of a complaint; importantly, it does not resolve contests surrounding facts, the merits of a claim, or the applicability of defenses." Republican Party of N.C. v. Martin, 980 F.2d 943, 952 (4th Cir.1992) (citing 5A Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 1356 (1990)). In considering a motion to dismiss for failure to state a claim, a plaintiff's well-pleaded

5

allegations are taken as true and the complaint is viewed in the light most favorable to the plaintiff. Mylan Labs, Inc. v. Matkari, 7 F.3d 1130, 1134 (4th Cir. 1993); see also Martin, 980 F.2d at 952.

The Federal Rules of Civil Procedure "require only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the ... claim is and the grounds upon which it rests.'" Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)). Courts long have cited the "rule that a complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of [a] claim which would entitle him to relief." Conley, 355 U.S. at 45-46. In Twombly, the United States Supreme Court noted that a complaint need not assert "detailed factual allegations," but must contain more than labels and conclusions" or "a formulaic recitation of the elements of a cause of action." Conley, 550 U.S. at 555 (citations omitted). Thus, the "[f]actual allegations must be enough to raise a right to relief above the speculative level," Id. (citations omitted), to one that is "plausible on its face," Id. at 570, rather than merely "conceivable." Id. Therefore, in order for a complaint to survive dismissal for failure to state a claim, the plaintiff must "allege facts sufficient to state all the elements of [his or] her claim." Bass v. E.I. DuPont de Nemours & Co., 324 F.3d 761, 765 (4th Cir. 2003) (citing Dickson v. Microsoft Corp., 309 F.3d 193, 213 (4th Cir. 2002); Iodice v. United States, 289 F.3d 279, 281 (4th Cir. 2002)). In so doing, the complaint must meet a "plausibility" standard, instituted by the Supreme Court in Ashcroft v. Iqbal, where it held that a "claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 129 S.Ct. 1937, 1949 (2009). Thus, a well-pleaded complaint must offer more than "a

sheer possibility that a defendant has acted unlawfully" in order to meet the plausibility standard and survive dismissal for failure to state a claim. Id.

B. **Summary Judgment**

The Supreme Court has recognized the appropriateness of Rule 56 summary judgment motions in habeas cases. See Blackledge v. Allison, 431 U.S. 63, 80 (1977). So too, has the Fourth Circuit Court of Appeals. Maynard v. Dixon, 943 F.2d 407 (4th Cir. 1991). Pursuant to Rule 56(c) of the Federal Rules of Civil Procedure, summary judgment is appropriate "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law."

Motions for summary judgment impose a difficult standard on the moving party; for it must be obvious that no rational trier of fact could find for the nonmoving party. Miller v. Federal Deposit Ins. Corp., 906 F.2d 972, 974 (4th Cir. 1990). However, the "mere existence of a scintilla of evidence" favoring the nonmoving party will not prevent the entry of summary judgment. Anderson v. Liberty Lobby, Inc., 477 U.S. 242-252 (1986). To withstand such a motion, the nonmoving party must offer evidence from which a "fair-minded jury could return a verdict for the [party]." Id. "If the evidence is merely colorable, or is not significantly probative, summary judgment may be granted." Felty v. Graves-Humphreys Co., 818 F.2d 1126, 1128 (4th Cir. 1987).

Such evidence must consist of facts which are material, meaning that they create fair doubt rather than encourage mere speculation. Anderson, 477 U.S. at 248. It is well recognized that any permissible inferences to be drawn from the underlying facts must be viewed in the light

most favorable to the party opposing the motion. Matsushita Elec. Industrial Co. V. Zenith Radio Corp., 475 U.S. 574, 587-88 1986.

## V. Analysis

A federal sentence commences "on the date the defendant is received in custody awaiting transportation to, or arrives voluntarily to commence service of sentence at, the official detention facility at which the sentence is to be served." 18 U.S.C. §3585(a). However, in some cases, a federal sentence may begin prior to the Attorney General gaining physical custody of the defendant. Where, as here, the prisoner faces both state and federal charges, the term "received in custody" is particularly important. In such instances, the concept of primary jurisdiction is applicable. Primary jurisdiction is explained in United States v. Smith:

> chief rule which preserves our two systems of courts from actual conflict of jurisdiction" means that the sovereignty which first arrests the individual acquires the right to prior exclusive jurisdiction over him,…and this plenary jurisdiction is not exhausted until there has been complete compliance with the terms of, and service of any sentence imposed by, the judgment of conviction entered against the individual by the courts of that first sovereignty…

United States v. Smith, 812 F.Supp. 368, 371 (E.D.N.Y. 1993)(quoting In re Liberatore, 574 F.2d 78 (2nd Cir. 1978)).

Primary jurisdiction remains vested in a sovereign until that sovereign relinquishes its primary jurisdiction through dismissal of the charges, bail release, parole release, or satisfaction of the sentence. See Coles v. DeBoo, No. 2:10cv70, 2010 WL 3767113 (N.D. W.Va. September 27, 2010; Chambers v. Holland, 920 F.Supp. 618, 622 (M.D. Pa. 1998) *citing* United States v. Warren, 610 F.2d 680, 684-85 (9th Cir. 1980)("Primary jurisdiction remains vested in the state which first arrested the defendant until that jurisdiction relinquishes its priority by, e.g., bail release, dismissal of the state charges, parole release, or expiration of the sentence.").

However, the fact that a state prisoner is in federal court on a federal writ of habeas corpus *ad prosequendum* does not mean that the prisoner's federal sentence has commenced. "Rather, the state retains primary jurisdiction over the prisoner, and federal custody commences only when the state authorities relinquish the prisoner on satisfaction of the state obligation." Id. at 912. See also Thomas v. Whalen, 962 F.2d 358, 361 n.3 (4th Cir. 1992) ("A prisoner is not even in custody for the purposes of section 3568 when he appears in federal court pursuant to a writ *ad prosequendum*; he is merely 'on loan' to federal authorities.")

The BOP, on behalf of the Attorney General, is responsible for calculating federal terms of imprisonment. See United States v. Wilson, 503 U.S. 329 (1992). The BOP must follow 18 U.S.C. §3585(b) when calculating sentences:

> A defendant shall be given credit toward the service of a term of imprisonment for any time he has spent in official detention prior to the date the sentence commences (1) as a result of the offense for which the sentence was imposed or (2) as a result of any other charge for which the defendant was arrested after the commission of the offense for which the sentence was imposed; **that has not been credited against another sentence.**

18 U.S.C. §3585(b) (emphasis added).

In Wilson, the Supreme Court held that under 18 U.S.C. § 3585(b), "Congress made clear that a defendant could not receive double credit for his detention time." Wilson, 503 U.S. 329 at 337. Thus, prior custody credit cannot be awarded to a prisoner if the prisoner has already received credit towards another sentence. See United States v. Brown, 977 F.2d 574 (4th Cir.1992) (Defendant may receive credit against his federal sentence for time spent in official detention prior to the date his sentence commences unless it has been credited against another sentence); United States v. Goulden, 54 F.3d 774 (4th Cir. 1995) (credit is only available for time spent in custody which has not been credited against another sentence).

However, "[a] sentence cannot commence prior to the date it is pronounced even if it is to be concurrent to a sentence already being served." Wilson v. Henderson, 468 F.2d 582, 584 (5th Cir. 1972) (emphasis added). "The sentences could not be concurrent in the sense of having the same starting date because a federal sentence ***cannot commence prior to the date it is pronounced***, even if made concurrent with a sentence already being served." (citations omitted) (emphasis added). United States v. Flores, 616 F.2d 840, 841 (5th Cir. 1980). The Fourth Circuit, in an unpublished opinion, agreed with the Fifth Circuit. "A federal sentence cannot commence prior to the date it is pronounced." United States v. McLean, 867 F.2d 609, 1989 WL 5457 (4th Cir. January 13, 1989).

In the instant case, Petitioner's February 16, 2012 arrest and subsequent State of Texas April 4, 2012 conviction placed him in the primary custody of the State of Texas. His state sentence ran continuously from April 4, 2012, when he was sentenced until its expiration on July 8, 2013. Therefore, the petitioner received credit against his state sentence for the time he spent in detention pursuant to the writ of habeas corpus *ad prosequendum*. Because Petitioner cannot receive double credit, he is not entitled to any credit for this time against his federal sentence.

Additionally, the petitioner was awarded prior custody credit from February 16, 2012, the date he was arrested, through April 3, 2012, the day before his state sentence commenced, because that time was not credited against his state sentence. After the sentencing court's retroactive designation of his federal sentence to be served concurrently with the state sentences he was already serving, in accordance with BOP Program Statement 5160.05, the BOP designated Petitioner's state institution for the service of the federal sentence[14] and requested that the State of Texas lodge the detainer. Even so, while Petitioner could and did receive credit against his federal sentence for time spent in state custody *after* his federal sentence was

---
[14] Dkt.# 12-4.

imposed, he still could not receive credit for time spent in state custody *before* his sentence was imposed on February 20, 2015, because a sentence cannot commence prior to the date it is pronounced, even if it is to be concurrent to a sentence already being served. Wilson v. Henderson, 468 F.2d at 584. Accordingly, Petitioner's federal sentence could never be *completely* concurrent with the state sentences imposed on April 4, 2012, because his federal sentence did not exist until it was imposed 10 months and 16 days later, on February 20, 2013, when he had only approximately four and a half months remaining on his state court sentences.

Therefore, petitioner has earned the maximum prior custody credit to which he is entitled under 18 U.S.C. §3585(b). Because the additional prior custody credit Petitioner is seeking was already applied to his previous state sentences, under 18 U.S.C. §3585(b), petitioner is not entitled to have it applied again to his present federal sentence.

## IV. Recommendation

Based on the foregoing, the undersigned recommends that the respondent's Motion to Dismiss or, in the Alternative, for Summary Judgment (Dkt.# 11) be **GRANTED** and petitioner's §2241 petition (Dkt.# 1) be **DENIED and DISMISSED with prejudice**.

**Within fourteen (14) days** of being served with a copy of this Recommendation, **or by September 23, 2015**, any party may file with the Clerk of the Court, written objections identifying the portions of the Recommendation to which objections are made, and the basis for such objections. A copy of such objections should also be submitted to the United States District Judge. **Failure to timely file objections to the Recommendation set forth above will result in waiver of the right to appeal from a judgment of this Court based upon such Recommendation.** 28 U.S.C. §636(b)(1); Thomas v. Arn, 474 U.S. 140 (1985); Wright v.

Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984), cert. denied, 467 U.S. 1208 (1984).

The Clerk of the Court is directed to mail a copy of this Report and Recommendation to the *pro se* petitioner by certified mail, return receipt requested, to his last known address as shown on the docket sheet. The Clerk of the Court is further directed to provide a copy of this Report and Recommendation to all counsel of record, as applicable, as provided in the Administrative Procedures for Electronic Filing in the United States District Court.

DATED: September 9, 2015

                                        /s/ James E. Seibert_____
                                        JAMES E. SEIBERT
                                        UNITED STATES MAGISTRATE JUDGE