**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
MARTINSBURG**

**TRAVIS CAMERO MOLDEN,**

    Petitioner,

v.                                                 **CIVIL ACTION NO.: 3:15-CV-42
(GROH)**

**WARDEN O'BRIEN,**

    Respondent.

## ORDER ADOPTING REPORT AND RECOMMENDATION

This matter is before the Court for consideration of a Report and Recommendation ("R&R") issued by United States Magistrate Judge James E. Seibert. ECF No. 24. Pursuant to this Court's Local Rules, this action was referred to Magistrate Judge Seibert for submission of a proposed R&R. On September 9, 2015, Magistrate Judge Seibert issued his R&R, which recommends that this Court grant the Respondent's Motion to Dismiss or for Summary Judgment [ECF No. 11] and deny and dismiss with prejudice Petitioner's 28 U.S.C. § 2241 petition [ECF No. 1].

Pursuant to 28 U.S.C. § 636(b)(1)(c), this Court is required to make a *de novo* review of those portions of the magistrate judge's findings to which objection is made. However, this Court is not required to review, under a *de novo* or any other standard, the factual or legal conclusions of the magistrate judge to which no objections are made. Thomas v. Arn, 474 U.S. 140, 150 (1985). Failure to file objections in a timely manner constitutes a waiver of *de novo* review and a petitioner's right to appeal this Court's Order.

28 U.S.C. § 636(b)(1); Snyder v. Ridenour, 889 F.2d 1363, 1366 (4th Cir. 1989); United States v. Schronce, 727 F.2d 91, 94 (4th Cir. 1984).

In this case, pursuant to 28 U.S.C. § 636(b)(1) and Rule 72(b) of the Federal Rules of Civil Procedure, objections to Magistrate Judge Seibert's R&R were due within fourteen plus three days after being served with a copy of the R&R. Petitioner was originally served with the R&R at USP Hazelton in Bruceton Mills, West Virginia, on September 14, 2015. ECF No. 25. However, three days later, on September 17, 2015, the Court received a pleading[1] from the Petitioner containing a new mailing address. ECF No. 26. Thereafter, on October 5, 2015, the Petitioner filed a notice of change of address [ECF No. 29], indicating that he had been transferred from USP Hazelton to USP Canaan in Waymart, Pennsylvania. In light of the Petitioner's transfer to USP Canaan, the Clerk again mailed the Petitioner a copy of the R&R. The Petitioner received his second copy of Magistrate Judge Seibert's R&R on October 13, 2015. ECF No. 30. To date, neither party has filed objections. Accordingly, this Court will review the R&R for clear error.

Upon careful review of the R&R and other materials in this case, it is the opinion of this Court that the Petitioner is not eligible to receive credit for time served between May 22, 2012, and February 20, 2013. The Petitioner was sentenced in state court in Bexar County, Texas, on April 4, 2012. On July 8, 2013, the Petitioner completed his state sentence and was relinquished to federal authorities to begin serving his federal sentence.[2] "[A] federal sentence cannot commence prior to the date it is pronounced . . . ." United States v. Flores, 616 F.2d 840, 841 (5th Cir. 1980); United

---

[1] This pleading is entitled "Petitioner's Traverse to Respondent's Answer Pro Se Petition for Writ of Habeas Corpus/Summary Judgment." ECF No. 26.
[2] On February 20, 2013, the Petitioner was sentenced to 60 months' imprisonment by the United States District Court for the Western District of Texas for two federal offenses.

2

States v. McLean, No. 88-5506, 1989 WL 5457, at *1 (4th Cir. Jan. 13, 1989) (per curiam). Accordingly, the Petitioner's federal sentence cannot commence earlier than the date that he was sentenced in the United States District Court for the Western District of Texas: February 20, 2013. Thus, the Petitioner's requested credit for time served between May 22, 2012, and February 20, 2013, cannot be deducted from his federal sentence because such federal sentence had not yet been pronounced. Furthermore, the Petitioner's requested credit for time served cannot be applied to his current federal sentence because such credit was already applied to his previous state sentence. See 18 U.S.C. § 3585(b).

For the foregoing reasons, the Court finds that Magistrate Judge Seibert's Report and Recommendation [ECF No. 24] should be, and is, hereby **ORDERED ADOPTED**. Accordingly, the Respondent's Motion to Dismiss or for Summary Judgment [ECF No. 11] is **GRANTED** and the Petitioner's 28 U.S.C. § 2241 petition [ECF No. 1] is **DENIED** and **DISMISSED WITH PREJUDICE**.

The Court **DIRECTS** the Clerk to enter judgment in favor of the Respondent. The Court further **DIRECTS** the Clerk to close this case and strike it from this Court's active docket.

The Clerk is **DIRECTED** to transmit copies of this order to all counsel of record and the *pro se* Petitioner.

**DATED:** November 17, 2015

GINA M. GROH
CHIEF UNITED STATES DISTRICT JUDGE

3